UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHARLES BAUR,

                    Plaintiff,

               -v-                                **MEMORANDUM
                                                  AND ORDER**
                                                  10-CV-4901 (CBA)
U.S. GOVERNMENT; WEST PALM BEACH
JAIL; CITUS BANK, VERO BEACH,
FLORIDA,

                    Defendants.
-------------------------------------------------------------x

AMON, United States District Judge.

Plaintiff brings this *pro se* action alleging that in November 2009, while he was incarcerated as a federal prisoner in West Palm Beach Jail, he injured his foot and leg.  He seeks thirty million dollars in damages.  Without offering any opinion on the merits of plaintiff's claim, this complaint is transferred to the United States District Court for the Southern District of Florida for the following reason.

Background

The complaint states, in its entirety:

> I was a federal prisoner. I was in the West Palm Beach Jail. The Citrus Bank called the FBI. I took a plea to Bank Fraud. I flew from Jasonville Fla to Miami Fla. The Marshalls took away my shoelaces. I fe[l]l down in my cell in West Palm Beach Jail in November 09. I broke my foot & leg in West Palm Beach Jail. I would like a juror trial.  30 million.

Venue

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the

1

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See also Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). Here, the interest of justice dictates transfer of this action to the Southern District of Florida.

Baur names three defendants: the jail in which he was held while a federal prisoner in November 2009, the bank apparently involved in his federal criminal prosecution for bank fraud,[1] and the United States government. It is unclear what claim plaintiff seeks to raise against the United States Government. The Court declines to use the plaintiff's claim against the United States Government, which plaintiff can file in this district, 28 U.S.C. § 1391(e) (generally, civil action against U.S. agency can be filed in any district in which the agency resides), to anchor venue for Baur's other claims, which the Court assumes Baur could also bring in this district. Plaintiff's complaint alleges that his injury occurred in West Palm Beach, Florida when he was incarcerated while a federal prisoner. Since there is no connection to this district, both West Palm Beach Jail (Palm Beach County) and the Citrus Bank (Indian River County) are located in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida, in the interest of justice, the action should be and hereby is transferred to the United States District Court for the Southern District of Florida, 28 U.S.C. § 89(c). See, e.g., Schreiber v. Kohn, 434 F. Supp. 2d 1 (D.D.C. 2006) (transferring a section 1391(e) case to Texas in the interest of justice because the events supporting the claim all occurred in the Western District of Texas).

---

[1]The Court takes judicial notice that plaintiff was prosecuted for bank fraud in the United States District Court for the Southern District of Florida. USA v. Baur, 04-CR-14031 (S.D. Fla.).

The Clerk of Court is directed to transfer this action to the United States District Court for Southern District of Florida. A ruling on plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules for the Eastern District of New York which requires a five-day delay in the transfer of relevant case materials is waived. No summons shall issue from this Court. The Clerk of Court is directed to mark this case closed.

SO ORDERED.

s/Carol B. Amon

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
December 15   2010